IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY JERKINS, #162600, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-0099-TMH |
| | ) | [WO] |
| | ) | |
| RICHARD ALLEN and KATHY HOLT, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Gregory Jerkins ["Jerkins"], a state inmate, challenges the constitutionality of his continued incarceration in the Alabama prison system based on various criminal offenses.[1]  Specifically, Jerkins argues state correctional officials refuse to release him on parole as granted by the Alabama Board of Pardons and Paroles regarding his Baldwin County convictions.  Jerkins maintains his confinement is improperly based on the 6-month sentence imposed for his escape conviction when that sentence expired in December of 2005.  Jerkins seeks injunctive relief, monetary damages and release on parole.

Upon review of the complaint, the court concludes that dismissal of this case prior to

---

[1]The evidentiary materials submitted in support of the complaint establish that the Circuit Court of Baldwin County, Alabama imposed convictions upon Jerkins in 1998 for third degree burglary and breaking and entering a vehicle.  *Plaintiff's Complaint - Court Doc. No. 1* at 8.  In 2002, this same state court again convicted Jerkins of third degree burglary.  *Id*.  In 2005, the Circuit Court of Escambia County, Alabama imposed a conviction upon Jerkins for second degree escape and sentenced him to 6 months imprisonment. *Id*. at 9.  The evidentiary materials filed herein do not contain a copy of the sentencing order or any other document which sets forth entry of this sentence as either concurrent or consecutive to the prior Baldwin County sentences.

service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## DISCUSSION

Jerkins complains the defendants are violating his constitutional rights by detaining him "illegally past his sentence expiration date of the 6 Months [on the escape conviction] which was served in full...." *Plaintiff's Complaint - Court Doc. No. 1* at 2. Since the sentence imposed for the escape conviction provides the basis for Jerkins' current incarceration, the claim presented to this court goes to the fundamental legality of his incarceration. Consequently, the challenge to confinement contained in the complaint provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."

---

[2]The court granted Jerkins leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

512 U.S. at 487.[3]  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id.* at 649.

---

[3]Jerkins argues *Heck* is not applicable to his case because "he has a valid claim" for relief.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  This assertion is without merit as it is the nature of a claim for relief, not the validity of it, which requires disposition under *Heck*.

Jerkins challenges the constitutionality of his confinement as it relates to a 2005 sentence imposed upon him for second degree escape by the Circuit Court of Escambia County, Alabama.  A judgment in favor of Jerkins on this claim would necessarily imply the invalidity of his incarceration based on this sentence.  It is clear from the records of this court that the sentence and resulting confinement about which the plaintiff complains has not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).[4]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before February 25, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that

---

[4]The plaintiff is advised that if he seeks to proceed on his challenge to the constitutionality of his current incarceration he may do so by filing a 28 U.S.C. § 2241 petition for habeas corpus relief in the United States District Court for the Southern District of Alabama.  However, prior to filing a federal habeas action, the plaintiff should exhaust any remedy available to him before the state courts.  28 U.S.C. § 2254(b)(1)(A).

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of February, 2009.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE